UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-210-BO

| RELIASTAR LIFE INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| JOHN B. LASCHKEWITSCH, | ) |
| Defendant. | ) |

This matter is before the Court on the defendant's motion to strike plaintiff's reply [DE 18]. For the reasons stated herein, the defendant's motion is DENIED.

DISCUSSION

Federal Rule of Civil Procedure 5 provides for several different manners of service. For example, "[a] paper is served under this rule by . . . mailing it to the person's last known address – in which event service is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C). Federal Rule of Civil Procedure 12 provides for the time in which a responsive pleading should be served on the opposing party. Specifically, "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed.R.Civ.P. 12(a)(1)(B). Federal Rule of Civil Procedure 6 provides guidance in how time should be computed and when deadlines should be altered. For example, "[w]hen the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C). Further, when service has

1

been made in the manner allowed by Rule 5(b)(2)(C) "3 days are added after the period would otherwise expire under Rule 6(a)." Fed.R.Civ.P. 6(d)

Here, service of the answer and counterclaim was made by mail. The defendant mailed his answer on May 15, 2013. So, it is immediately apparent that Rule 6(d) will apply to this scenario and three days will be added to the 21-day period in which a plaintiff must respond to a counterclaim. Therefore, the plaintiff had 24 days to respond to the defendant's counterclaim. The 24th day after the defendant's mailing of his counterclaim was Saturday, June 8, 2013. Because the last day of the service period was a Saturday, Rule 6 tells us that the last day for service shall be extended to the next business day – Monday, June 10, 2013. The plaintiff filed its response on June 10, 2013, which was within the period for timely service. As such, it is proper to deny the defendant's motion to strike the plaintiff's response as untimely.

To the extent the plaintiff has tried to move this Court for alternative relief in the form of sanctions, or otherwise, that relief is also denied.

## CONCLUSION

For the foregoing reasons the defendant's motion is DENIED.

SO ORDERED.

This the 10 day of August, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE