IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-210-BO

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN B. LASCHKEWITSCH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion to exclude defendant's expert [DE 81], defendant's motion to appear and show cause [DE 98], and plaintiff's second and third motions to seal [DE 106, 117]. For the following reasons, the motion to exclude is GRANTED. The motion to appear and show cause is DENIED, and the motions to seal are GRANTED.

## BACKGROUND

Reliastar Life Insurance Company ("Reliastar") filed a complaint against defendant on March 22, 2013 which seeks a declaratory judgment that the life insurance policy it issued to defendant is null, void, and rescinded *ab initio* due to the allegedly fraudulent, willfully false, and/or material misrepresentations and omissions that defendant and the insured made in applying for the policy. The complaint also brings a claim for breach of contract and the duty of good faith and fair dealing, and a claim for fraud.

On February 14, 2014, plaintiff filed a motion for summary judgment. [DE 83]. On February 18, 2014, defendant filed a motion for summary judgment. [DE 89] On February 14, 2014, plaintiff filed a motion to exclude defendant's expert witness, Daryll Martin. [DE 81]. On March 6, 2014, defendant filed a motion for Michael Patterson to appear and show cause for

failure to comply with defendant's subpoena. [DE 98]. On March 11, 2014 and on March 19, 2014 plaintiff filed its second [DE 106] and third [DE 117] motions to seal respectively.

## DISCUSSION

I. MOTION TO EXCLUDE EXPERT WITNESS.

Plaintiff argues that Mr. Martin should be excluded as an expert witness because he is unqualified to testify how a reasonable underwriter would have underwritten the application for insurance and that his waiver opinion is unreliable and unhelpful. Federal Rule of Evidence 702 provides that "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." FED. R. EVID. 702. The Court serves as the gatekeeper for all expert testimony to make sure it is based on sound, reliable theory and does not constitute rank speculation. *Kumho Tire Co., Ltd. v. Carmichael.*, 526 U.S. 137, 141 (1999). The expert testimony is considered reliable only if the expert is qualified to render the opinion and the expert's underlying methodology is scientifically valid. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993). The expert's testimony is relevant only if the expert properly applies that methodology or reasoning to the facts in issue. *Id.* at 591–93. The expert must explain how and why he has reached the conclusion being proffered and must have as a basis more than a subjective belief or speculation. *Kumho Tire*, 526 U.S. at 152.

Here, defendant has failed to meet his burden to demonstrate that Martin is qualified to provide testimony on the appropriate underwriting procedures that allegedly should have been followed in this case. It is clear that Martin has no underwriting experience, and that his experience in the insurance industry as a broker and attorney cannot make him an expert in

2

underwriting. *See Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1296 (4th Cir. 1995) (experience in ski safety policies and testimony in other ski accident cases did not qualifiy expert to opine about snowmaking machine sagety); *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799–800 (4th Cir. 1989) (expert with MBA and experience analyzing companies' business health not qualified to give antitrust testimony where she had no specific education or experience in antitrust matters); *Estate of Richard Myers v. Wal-mart Stores, Inc.*, 2011 WL 1366459, *3 (E.D.N.C. April 11, 2011) (architect with no specific experience in parking lot design not qualified to offer expert testimony on parking lot design). Similar to these cases, Martin's insurance industry experience without specific experience in underwriting does not qualify him to offer expert testimony on underwriting. This Court finds that Martin is not qualified as an expert on underwriting and cannot testify as such.

Martin also offers an opinion that Reliastar waived its right to challenge the policy based on defendant's fraud. There is nothing about this issue of waiver for which Martin's testimony is needed. What constitutes waiver under North Carolina law is a legal issue for the Court to instruct the jury on. Further, whether a waiver occurred here is not a complex issue and does not require expert testimony for a jury to be able to understand. Martin has no more expertise on waiver than lay jurors and his testimony would not be helpful to a jury and his testimony on waiver is therefore excluded.

II.     MOTION TO APPEAR AND SHOW CAUSE.

Defendant filed a motion for Michael G. Patterson to appear and show cause for failure to comply with defendant's subpoena. Defendant alleges that Reliastar produced its contract with Advisors Financial Group ("AFG"), a non-party to this suit, without producing an attached errors and omissions coverage and is thus in violation of this Court's January 6, 2014 order compelling

3

the production of its contract with AFG. Defendant further alleges that he properly served a subpoena on Mr. Patterson, the President of AFG, which requested the errors and omissions coverage. AFG notes that it timely objected to the subpoena and also responded that it does not have the requested document. Defendant argues that he properly served AFG through certified mail and that its claim that it does not possess the document must be a lie as it is alleged to be a coverage that must be renewed annually. This Court finds no cause to doubt the veracity of AFG's statement and also notes that service was not proper here. "Any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c). Although service by mail is allowed, there is still a requirement for who may affect service. "It is well established that [Rule 4(c)(2)] prohibits service of process by a party in all forms. Thus a plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail." *Wilson v. SunTrust Bank, Inc.*, 2011 WL 1706763, *1 (W.D.N.C. May 4, 2011). Therefore, defendant's attempt at properly serving the subpoena on AFG is void. Because defendant failed to properly serve his subpoena, his motion to appear and show cause is denied.

III. MOTIONS TO SEAL.

Pursuant to Local Rule 26(a)(1), the Court grants plaintiff's second and third motions to file documents under seal. DE [104; 105; 114; and 116][1] are sealed as they contain medical information or records or testimony about the insured's health.

---

[1] These documents include Exhibits W, X, Y, BB, DD, EE, FF, and GG to the declarations of Hutson Smelley as well as the memorandum in opposition to defendant's motion for summary judgment and the reply memorandum in support of plaintiff's motion for summary judgment.

4

## CONCLUSION

For the foregoing reasons, the motion to exclude is GRANTED. The motion to appear and show cause is DENIED, and the motions to seal are GRANTED.

SO ORDERED.

This the 13 day of April, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE