IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-210-BO

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| JOHN B. LASCHKEWITSCH, | ) ) ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to amend judgment [DE 147] and defendant's motion for disallowance of attorney fees and costs [DE 153]. The motions are now ripe for consideration. For the following reasons, defendant's motions are DENIED.

## BACKGROUND

This case arises from a dispute over a life insurance policy covering the life of Ben Laschkewitsch ("the Insured"). Ben is defendant's brother. Defendant was the agent who sold the policy to his brother and was paid a commission of $1,946.16 by ReliaStar Life Insurance Company ("ReliaStar") for selling the policy. Ben applied for insurance through his brother on January 22, 2010 and the policy became active on February 22, 2010. Ben died on January 15, 2012. ReliaStar then denied the claim for payment on the policy on October 10, 2012 because of misrepresentations that had been made in the application. Defendant appealed ReliaStar's decision and ReliaStar responded to the appeal by filing this suit. The undisputed facts before this Court on the motions for summary judgment reveal defendant's scheme to profit off of the illness and death of his brother, for his sole personal gain, to the tune of $3.9 million. The facts reveal that defendant contrived to acquire $3.9 million in potential life insurance payouts on the

life of his brother who was terminally ill with ALS. It is clear that defendant was aware that his brother was suffering from ALS at the time he helped his brother to apply for life insurance and that he made material misrepresentations to ReliaStar about both the health of his brother and the amount of in force or pending life insurance coverage with other companies. These misrepresentations caused ReliaStar to issue a policy to defendant's brother (the "insured") with defendant as the named beneficiary.

On May 28, 2014, this Court granted summary judgment in favor of ReliaStar and awarded it damages and costs. [DE 141]. The Court further ordered ReliaStar to brief the issue of attorney's fees. *Id.*

## **DISCUSSION**

### I. DEFENDANT'S MOTION TO AMEND.

Defendant's motion to amend judgment and judgment findings is nothing more than a request for reconsideration under FED. R. CIV. P. 59(e). A Rule 59(e) motion to alter or amend judgment must rest on one of the following three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). But such motions "may not be used [] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Rule 59(e) does not permit a party to simply relitigate old matters. *Id.* While the Court has the discretion to permit additional evidence, "the court must satisfy itself as

2

to the unavailability of the evidence and likewise examine the justification for its omission." *Zinkand*, 478 F.3d at 637. Additionally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (quotation omitted).

Here, defendant's 30 page brief merely pieces together the same arguments he made in the summary judgment briefings. He does not cite any case purporting to establish an "intervening change in controlling law." He does not assert that there is new evidence which was not previously available. Defendant also does not point to any clear error or manifest injustice. He merely reiterates the position that he fully briefed before this Court previously and seeks to relitigate that which was already ruled upon by this Court.

Although defendant does attach a new affidavit from his father, John M. Laschkewitsch, it is not one that was previously unavailable and therefore the Court declines to consider it. Although the Court struck John M. Laschkewitsch's previous affidavit because it was not properly disclosed during discovery, defendant is not allowed to submit essentially the same affidavit at this stage in the proceedings. Defendant also attaches two cases to his brief, but both are dated well before this action, do not establish error, and do not disclose an intervening change in controlling law.

Because defendant's Rule 59(e) motion does not make any new arguments, cites no case law affecting a change to controlling law, submits no new evidence previously unavailable, and instead just seeks a "re-do," it does not meet the requirements established by the Fourth Circuit and must be denied.

3

II. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES.

The Court ordered plaintiff to brief the matter of costs and attorney's fees because, although requesting fees, it did not lay a statutory basis for an award of fees in its summary judgment briefing. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 516 (E.D.N.C. 2012) (quoting *Stillwell Enter. v. Interstate Equip. Co.*, 266 S.E.2d 812, 814 (N.C. 1980). Plaintiff now points to two statutory grounds to support its claim for attorney's fees.

First, plaintiff cites defendant's counterclaim for violations of N.C. Gen. Stat. § 75-1.1. North Carolina law allows that "[i]n any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party . . . upon a finding by the presiding judge that . . . (2) The party instituting the suit knew, or should have known the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1. The Court must support ay award of fees by making findings of fact that the claimant knew or should have known that the action was frivolous and malicious and that the attorney fee award is reasonable, including findings regarding the time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorneys. *McKinnon v. CV Indus., Inc.*, 745 S.E.2d 343, 350–51 (N.C. App. 2013); *Cotton v. Stanley*, 380 S.E.2d 419, 421 (N.C. App. 1989). An award of fees under § 75-16.1 is within the sound discretion of the trial judge. *Birmingham v. H&H Home Consultants and Designs, Inc.*, 658 S.E.2d 513, 518 (N.C. App. 2008).

Second, plaintiff cites defendant's counterclaim for punitive damages. "The court shall award reasonable attorneys' fees, resulting from the defense against the punitive damages claim,

4

against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." N.C. Gen. Stat. § 1D-45.

Here, plaintiff ReliaStar initiated this suit to which defendant responded with an answer and counterclaim. [DE 12]. Although defendant's counterclaim for violations of § 75-1.1 was clearly frivolous, as was his claim for punitive damages, defendant did not initiate this action and using those statutory provisions pertaining to defendant's counterclaims as a hook to lay all of the costs of this litigation at defendant's feet is unjust. Even though defendant is a fraudster and fought this litigation as an attempt to obtain his ill-gotten insurance proceeds, plaintiff cannot lay all of the costs of a suit that it initiated onto defendant. Due to defendant's fraud and plaintiff's need to defend its interests proactively in court through this litigation, costs are awarded to plaintiff. N.C. Gen. Stat. § 7A-305(d). However, attorney's fees will be limited to those incurred defending against defendant's counterclaims for violations of § 75-1.1 (including his counterclaims for violations of § 58-63-15(11) which are actionable under § 75-1.1) and punitive damages.

The Court finds that defendant knew he was engaged in fraudulent activities throughout his scheme to obtain insurance coverage on the life of the Insured from ReliaStar. Therefore, defendant knew or should have known that his counterclaims were frivolous and malicious. Defendant could "present no rational argument based upon the evidence or law in support" of these counterclaims. *Blyth v. McCrary*, 646 S.E. 2d 813, 819 n.5 (N.C. App. 2007). Against the background of his elaborate fraud scheme against ReliaStar and other insurers, defendant's deceptive practices claims proved to be no more than desperate, but obviously meritless procedural "gotcha" arguments, for which his only harm was not reaping an §800,000 reward for his fraud. While ReliaStar spent substantial time and expense to uncover the various aspects of

5

his fraud, defendant knew all along about his brother's ALS, the other existing and pending policies, his brother's disclosure of ALS to a prior insurer, and even, with all of that knowledge, submitted an altered medical record as part of the fraudulent application to ReliaStar. His claims were not filed in good faith, but maliciously because they were filed only for the purpose of trying to perpetuate and secure the benefit of his fraud. *Id.* Accordingly reasonable attorney's fees are recoverable under N.C. Gen. Stat. § 75-16.1 and N.C. Gen. Stat. § 1D-45.

However, the Court does not have enough evidence in front of it to determine what a "reasonable" amount of attorney's fees is. Plaintiff's briefing and supporting affidavits are focused on the total amount of time spent on this litigation and are not in any way broken down into the amount of time spent on different discrete tasks. Accordingly the Court orders plaintiff to submit additional briefing and supporting documents that delineates how much time plaintiff's attorneys spent on defending plaintiff against defendant's § 75-1.1 and punitive damages counterclaims and how much in attorney's fees it believes is owed for that work. On matters like the briefing for summary judgment where the time spent is comingled with time spent pursuing litigation topics that the Court is not awarding attorney's fees for, a percentage breakdown of the portion of the briefing and research dedicated to the recoverable tasks and the total amount of time spent on the overall task will suffice.

Costs are awarded to plaintiff in the amount it seeks of $19,758.20.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to alter or amend judgment is DENIED and defendant's motion to disallow costs and fees is DENIED. Plaintiff is AWARDED costs in the amount of $19,758.20. Plaintiff is AWARDED attorney's fees for its attorneys' work defending against defendant's counterclaims for violations of § 75-1.1 and for punitive damages.

Plaintiff is ORDERED to brief the Court on its attorney's fees regarding the time spent defending against these counterclaims and is ORDERED to supply the Court with appropriate documentation supporting its briefing.

SO ORDERED.

This the 22 day of September, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE