IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-210-BO

RELIASTAR LIFE INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. )     O R D E R
)
JOHN B. LASCHKEWITSCH, )
)
    Defendant. )

This matter is before the Court on defendant's motion for relief from judgment pursuant to Rules 60(a) and 60(b)(4) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

For purposes of this motion the Court will review only the pertinent procedural background of this matter. On May 28, 2014, the Court entered judgment in plaintiff's favor after granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment. On September 25, 2014, the Court denied defendant's motion to alter or amend the judgment. By opinion entered March 11, 2015, the court of appeals affirmed this court's judgment. *ReliaStar Life Ins. Co. v. Laschkewitsch*, 597 F. App'x 159 (4th Cir. 2015). On December 7, 2015, the United States Supreme Court denied defendant's petition for writ of certiorari, 136 S. Ct. 593 (2015), and on February 29, 2016, the Supreme Court denied defendant's petition for rehearing. 136 S. Ct. 1251 (2016).

On July 3, 2017, defendant, proceeding in this matter *pro se*, filed the instant motion. Defendant seeks relief from judgment for oversight, omissions, and want of jurisdiction. Defendant contends that this Court lacked subject matter jurisdiction to consider plaintiff's claims and that his Rule 60 motion demonstrates his meritorious defenses to plaintiff's claims.

## DISCUSSION

Fed. R. Civ. P. 60(a) provides that a court may correct clerical mistakes or mistakes arising from oversight or omission. *See also Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake."). Rule 60(a) is not limited to correction of typographical and clerical errors, and it may also be relied upon to resolve an ambiguity in a prior order or in making corrections that are consistent with the court's intention. *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) (listing cases). Thus, "the scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment." *Id.*

Defendant has failed to identify any clerical mistake or correction necessary to conform the judgment to the Court's intent. Defendant's request for relief under Rule 60(a) is therefore denied.

Fed. R. Civ. P. 60(b)(4) provides for relief from final judgment where the judgment is void. "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."

*Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Where, as here, a judgment is challenged as void on the basis of the absence of subject matter jurisdiction, the jurisdictional error must be deemed egregious before the judgment will be treated as void, and it must be demonstrated that there was a "'total want of jurisdiction' and no arguable basis on which [the court] could have rested a finding that it had jurisdiction." *Id.* at 413 (quoting *Nemaizer v. Baker*, 793 F. 2d 58, 65 (2nd Cir. 1986)).

Defendant challenges plaintiff's standing to have brought this action. Federal courts may consider only cases or controversies, and "the doctrine of standing has always been an essential component" of the case or controversy requirement. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To demonstrate standing, plaintiffs must establish that they have suffered an injury in fact that is concrete and particularized, that the injury is fairly traceable to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision from the Court. *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995) (citing *Lujan*, 504 U.S. at 555). "The standing doctrine [] depends not upon the merits, but on whether the plaintiff is the proper party to bring the suit." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 460-61 (4th Cir. 2005) (citations and quotations omitted).

Defendant has plainly failed to demonstrate that there was no arguable basis for this Court to determine that it had subject matter jurisdiction over this action. First, defendant agreed that the Court had subject matter jurisdiction. [DE 12]. Moreover, plaintiff's suit was based on a concrete and particularized injury in fact, namely its issuance of a life insurance policy based on what would be determined to be a fraudulent application as well as questions concerning the propriety of the death benefit owed on the death of the insured. The injury to plaintiff was fairly

3

traceable to defendant as defendant made fraudulent statements and material misrepresentations or omissions when applying for the policy, and the injury was redressed by an order of this Court declaring the rights of the parties to the policy proceeds and that defendant breached his agent contract and committed fraud.

## CONCLUSION

At bottom, defendant seeks an opportunity to re-litigate this action through the filing of a motion pursuant to Rule 60. Defendant has failed, however, to come forward with any basis which would support correcting or granting relief from the judgment in this matter and his motion [DE 180] is DENIED. Defendant's motion to seal his brother's medical records submitted in support of his motion [DE 183] is ALLOWED.

SO ORDERED, this the __*16*__ day of October, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4